I cannot collect from any terms used in this Act of Assembly that the Legislature meant to give it a retrospect beyond the time of its commencement; and a construction of that kind ought to be adopted in those cases only where it naturally and necessarily arises from the words.
The act does not, according to the policy observed in some of the states, merely enable the assignee of a bond to sue in his own name; leaving him still liable to the equity, which the obligor might claim against the obligee. It goes further, and places the assignee of a bond upon the same footing with the endorsee of a note. The latter, in case of an endorsement before the note is due, will be permitted to recover against the maker, notwithstanding any payments made by him to the original payee, and notwithstanding any illegality in the consideration of the note; except in the cases of gaming, usury, coverture, and infancy.
If the Act of 1786 be construed to extend to bonds executed before that time, obligors may be deprived of just advantages, and exposed to inequitable recoveries by assignees, which could by no means be foreseen when their contracts were entered into. It ought not, therefore, to be presumed that the act meant to destroy or impair rights which existed before its commencement. 2 Mod., 310.
If it should be thought that the proviso added to the third section is not coextensive with the whole act, but intended merely to confine the *Page 419 
rule of computing interest to contracts thereafter to be made; still I think that the proviso in the fifth section explains what contracts the Legislature meant should be comprehended in the act. The object of this latter proviso is to apply the statute of limitations to bonds, bills, and other securities, after the assignment or endorsement thereof. If it were intended to confer upon bonds executed before the act the quality of negotiability, it is just as reasonable and necessary to apply the statute of limitations to them, from the time of their (512) endorsement, as to bonds executed after the act; and as there can be no policy in subjecting the latter to the operation of the law, while the former are unaffected by it, a construction leading to such a consequence ought to be avoided. On this ground, therefore, I conceive the words of the proviso, "all bonds, bills, and other securities hereafter executed, made transferable by this act," as descriptive of the contracts which were alone intended to be comprised in the act.
JOHNSTON and MACAY, JJ., concurred.
Judgment for the defendants.
Cited: Peace v. Nailing, 16 N.C. 295; Ashley v. Brown, 198 N.C. 372.